JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Martinez

**DEFENDANTS**

The IFA Group, Inc. and Joseph McOwen

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA
19087, 610-896-9909, scott@pollinslaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☒ 3   Federal Question
*(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
Defendant
- ☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☒ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original
Proceeding
- ☐ 2   Removed from
State Court
- ☐ 3   Remanded from
Appellate Court
- ☐ 4   Reinstated or
Reopened
- ☐ 5   Transferred from
Another District
*(specify)*
- ☐ 6   Multidistrict
Litigation -
Transfer
- ☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act

Brief description of cause:
Unpaid overtime and unpaid wages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
*To be determined*

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/22/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 328 Spring Street, Royersford, PA 19468

Address of Defendant: _____ 1990 Route 206, Southampton, NJ 08088

Place of Accident, Incident or Transaction: _____ PA, NJ and DE (states where repo drivers worked)

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/22/2019 _____ PA76334
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ Wage/hour class/collective action

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Scott M. Pollins _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 05/22/2019 _____ PA76334
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

*Christopher Martinez*                        :        CIVIL ACTION

v.                                            :

*The IFA Group, Inc. and*                     :
*Joseph McOwen*                               :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) *Wage/hour class/collective action*                          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| *5/22/19* | *Scott M. Pollins* | *Plaintiff Christopher Martinez* |
| **Date** | **Attorney-at-law** | **Attorney for** |
| *610-896-9909* | *610-896-9910* | *Scott@pollinslaw.com* |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER MARTINEZ, on behalf** : | |
| **of himself and others similarly situated** : | |
| Plaintiff, : | **CIVIL ACTION NO.** |
| : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| **THE IFA GROUP, INC.** : | |
| and : | |
| **JOSEPH McOWEN** : | |
| Defendants : | |

## COMPLAINT

### I.    INTRODUCTION

1.    Plaintiff, Christopher Martinez (Martinez), on behalf of himself and similarly situated current and former employees of Defendant, The IFA Group, Inc. (IFA), is suing IFA and its president and owner Joseph McOwen (McOwen) under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*., the Pennsylvania Minimum Wage Act (PaMWA), 43 P.S. §333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq*., the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*. (NJWPL), the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, *et seq*. (NJWHL), the Delaware Wage Payment and Collection Act, 19 Del. C. 1953, § 1101, *et seq*. (DeWPCA), and the Delaware Minimum Wage Act, 19 Del. Code Ann. §§ 901, et seq., (DeMWA), and for unjust enrichment. Martinez seeks all relief against IFA and McOwen that he and his similarly situated current and former IFA employees are entitled to, including an order permitting this case to proceed as a collective action under the FLSA and as a class action under the PaMWA, NJWHL, and DeMWA, prompt notice to all potential collective and class action members, unpaid

overtime/wages, liquidated damages, interest, attorney's fees and costs, and such other relief as the Court shall deem proper.

## II.   **JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Martinez's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Martinez's state law claims pursuant to 28 U.S.C. § 1367(a).

3.      This lawsuit properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district and IFA regularly does business in this judicial district.

## III.   **PARTIES**

4.      Martinez resides in Royersford PA.

5.      IFA is New Jersey corporation and a full-service recovery agency whose headquarters are at 1990 Route 206, Southampton, NJ, 08088-3546. IFA provides collateral recovery and transportation services company to its clients and employs a team of nationally accredited professionals skilled in field investigation and skip tracing.

6.      IFA is an employer engaged in interstate commerce or in the production of goods for commerce. IFA has gross operating revenues exceeding $500,000 (exclusive of excise taxes at the retail level which are separately stated). IFA is an employer covered by the FLSA, the PaMWA, the PaWPCL, the NJWPL, the NJWHL, the DeMWA, and the DeWPCA.

7.      McOwen is the president and owner of IFA.

8.     Upon information and belief, McOwen has and had an active role in overseeing IFA's day-to-day operations, including the setting, payment, and approval of compensation for IFA repossessors, including Martinez.

## IV.  FACTUAL BACKGROUND

### A. Martinez

9.     Martinez worked as a repossessor for IFA from approximately September 2016 through June 2018 and is an employee covered by the FLSA, the PaMWA, the PaWPCL, the NJWPL, NJWHL, the DeMWA, and the DeWPCA

10.     Martinez repossessed automobiles and related property exclusively in Pennsylvania for IFA.

11.     IFA paid Martinez a piece-rate for each item of property he repossessed.

12.     When he was not repossessing cars for IFA, Martinez also worked at the IFA location in Pottstown (Pottstown lot) Monday through Friday typically between the hours of noon to 3 p.m.

13.     McOwen agreed to pay Martinez $15/hour for every hour he worked at the Pottstown lot.

14.     In 2016, IFA paid Martinez about $45,000. In 2017, IFA paid Martinez about $41,000. Before firing Martinez in March 2018, IFA paid him about $9,000.

15.     Throughout Martinez's employment at IFA, he regularly worked more than 40 hours each week.

16.     In fact, Martinez regularly worked at least 75-80 hours/week.

17.     Upon information and belief, IFA did not pay Martinez any compensation, including overtime compensation, for any of the hours he worked in excess of 40 hours

each work week with the exception of being paid overtime for work he performed during the week of September 25, 2016 to October 1, 2016.

18.     Upon information and belief, IFA did not pay Martinez for time spent working at the Pottstown lot.

19.     Upon information and belief, IFA failed to pay the agreed upon $15/hour for every hour Martinez at the Pottstown lot.

### B. FLSA, PaMWA, PaWPCL, NJWPL, NJWHL, DeWPCA and DeMWA group claims for unpaid overtime

20.     Upon information and belief, IFA employed Martinez's similarly situated repossessors to work exclusively in Pennsylvania, New Jersey, or Delaware, and paid them a piece-rate for each item of property they repossessed.

21.     At all relevant times, Martinez and his similarly situated repossessors were non-exempt employees of IFA within the meaning of the FLSA, PaMWA, PaWPCL, NJWPL, NJWHL, the DeMWA, and the DeWPCA.

22.     Upon information and belief, Martinez's similarly situated repossessors regularly worked at least 75-80 hours/week. Upon information and belief, IFA does not pay and continues to not pay Martinez's similarly situated repossessors any compensation, including overtime compensation, for any of the hours they worked and work in excess of 40 hours each work week.

23.     Upon information and belief, IFA has maintained these improper pay practices for at least the past three years and likely farther in the past than that.

24.     IFA willfully violated and is willfully violating the FLSA, the PaMWA, the PaWPCL, the NJWPL, the NJWHL, the DeMWA, and the DeWPCA by failing to pay its non-exempt repossessors (including Martinez) any compensation, including

overtime compensation, for hours they worked in excess of 40 hours/week and by maintaining firm policies that violate the FLSA, the PaMWA, the PaWPCL, the NJWPL, the NJWHL, the DeMWA, and the DeWPCA.

25.     IFA showed reckless disregard for the fact that their failure to pay Martinez and his similarly situated repossessors the appropriate overtime compensation was in violation of the law.

26.     IFA's conduct in failing to pay Martinez and his similarly situated repossessors properly was and is not based upon any reasonable interpretation of the law.

27.     Martinez brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all IFA repossessors who, during any workweek since March 30, 2016, worked more than 40 hours and were not properly paid by IFA.

28.     Martinez also brings this lawsuit as a class action pursuant to the PaMWA, the PaWPCL, the NJWPL, the NJWHL, the DeMWA, and the DeWPCA on behalf of all IFA repossessors who, during any workweek since May 22, 2016, worked more than 40 hours and were not properly paid by IFA.

29.     Martinez and other members of the collective and class are 'similarly situated' because IFA subjected them all to the common employment practices summarized above and because resolution of the unpaid overtime and compensation claims requires discovery of many common facts, including IFA's compensation, timekeeping and payroll practices.

30.     Upon information and belief, more than ten individuals have been employed by IFA, including Martinez, as repossessors in the last three years and have been wrongfully denied compensation and overtime compensation as stated above.

31.     Martinez seeks certification of a class that shall include all persons who were employed as repossessors for the three-year period prior to the date this Complaint was filed until the date of entry of judgment in this case.

32.     There are questions of law and fact common to this class, including IFA's liability to Martinez and his potential collective and class mates under the legal theories set forth above.

33.     As the named Plaintiff, Martinez's claims are typical of the collective and class because IFA improperly paid all its repossessors.

34.     Martinez will fairly and adequately protect the interests of the collective and class. Through his counsel, he has adequate resources to prosecute this litigation as his counsel will advance all reasonable costs to prosecute this case. Additionally, Martinez's counsel is experienced in wage and hour matters.

35.     A collective and class action will provide a fair and efficient method for adjudication of this controversy because:

  a.  Common questions of law and fact predominate over questions affecting only individual members.

  b.  The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudications and outcomes and which could substantially impair or impede other members of the proposed collective and class to protect their interests.

  c.  The amounts in controversy are such that pooling the claims in a collective and class action is an efficient and less costly method of prosecuting such claims.

  d.  The complexity of the issues and the expenses of litigation arising from separate claims of individual class members strongly favor class action as a more efficient and fair method for adjudication of the class claims.

## V.   CLAIMS

### COUNT I – FLSA

36.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

37.     The FLSA requires employers such as IFA to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 29 U.S.C. §207(a)(1).

38.     IFA violated the FLSA by failing to pay IFA repossessors (including Martinez) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

39.     IFA violated the FLSA by maintaining illegal policies and practices, including failing to  pay wages owed, failing to pay overtime based on a 40-hour week period, and improperly documenting how its employees were paid ( i.e. failing to indicate the hours above 40 hours each IFA repossessor worked; failing to indicate IFA repossessors received piece-rate pay, not an hourly salary as reflected on the paystubs received from IFA, and failing to pay overtime to IFA repossessors based on their individual piece-rate overtime rate).

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a collective action; 2) prompt notice of this lawsuit be given to all potential collective members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT II – PaMWA

40.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

41.     The PaMWA requires employers such as IFA to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week. 43 P.S. §333.104(c).

42.     IFA violated the PaMWA by failing to pay IFA repossessors (including Martinez) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

43.     IFA violated the PaMWA by maintaining illegal policies and practices, including failing to  pay wages owed, failing to pay overtime based on a 40-hour week period, and improperly documenting how its employees were paid ( i.e. failing to indicate the hours above 40 hours each IFA repossessor worked; failing to indicate IFA repossessors received piece-rate pay, not an hourly salary as reflected on the paystubs received from IFA, and failing to pay overtime to IFA repossessors based on their individual piece-rate overtime rate).

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT III – PaWPCL

44.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

45.     The unpaid compensation IFA and McOwen failed to pay Martinez and other IFA repossessors is considered wages under the PaWPCL.

46.     IFA and McOwen violated the PaWPCL by failing to pay IFA repossessors (including Martinez) any compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

### COUNT IV – NJWPL

47.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

48.     The NJWPL requires employers such as IFA and McOwen to pay the full amount of wages due its employees and prohibits employers from taking deductions or withholdings from the wages of employees.

49.     IFA and McOwen willfully violated the NJWPL by failing to pay the full amount of wages to IFA repossessors (including Martinez) for all hours worked, and by taking unlawful withholdings from IFA repossessor (including Martinez).

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT V – NJWHL

50.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

51.     The NJWHL requires employers such as IFA and McOwen to pay employees overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week.

52.     IFA and McOwen willfully violated the NJWHL by failing to pay IFA repossessors compensation, including time and a half overtime compensation, for all hours worked in excess of 40 hours/week.

53.     IFA and McOwen violated the NJWHL by maintaining illegal policies and practices, including, improperly issuing paystubs to IFA repossessors (including Martinez) stating they only worked a 40 hours/week.

54.     As a result of Defendants' violations of the NJWHL, IFA repossessors (including Martinez) have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT VI – DeMWA

55.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

56.     The DeMWA requires employer to pay all wages due to its employees.

10

57.     IFA and McOwen willfully violated the DeMWA by failing to pay the full amount of wages to IFA repossessors working in Delaware for all hours worked.

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) interest; 5) litigation costs including attorney's fees and expenses; and 6) such other relief as the Court shall deem proper.

## COUNT VII – DeWPCA

58.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

59.     The DeWPCA requires employers such as IFA and McOwen to pay all wages due to its employees, 19 Del. C. 1953, § 1102, and prohibits employers from taking deductions or withholdings from the wages of employees. 19 Del. C. 1953, § 1107.

60.     IFA and McOwen willfully violated the DeWPCA by failing to pay the full amount of wages to IFA repossessors working in Delaware for all hours worked, and by taking unlawful withholdings from IFA repossessor.

WHEREFORE, Martinez seeks the following relief: 1) an order permitting this lawsuit to proceed as a class action; 2) prompt notice of this lawsuit be given to all potential class members; 3) unpaid compensation damages; 4) liquidated damages; 5) interest; 6) litigation costs including attorney's fees and expenses; and 7) such other relief as the Court shall deem proper.

## COUNT VII – UNJUST ENRICHMENT

61.     Paragraphs 1-35 are incorporated by reference as if fully set forth herein.

62.     At all times relevant to this Complaint, IFA by its policies and practices, benefited from, and increased its profits by failing to pay wages earned and due to Martinez and his similarly situated repossessors at a rate not less than 1 ½ times the regular rate of pay for all work performed in excess of 40 hours in a work week.

63.     IFA accepted and received the benefits of the work performed by Martinez and his similarly situated repossessors without compensating them for said work. The profits of IFA were unjustly enriched at the expense of Martinez and his similarly situated repossessors.

WHEREFORE, Martinez seeks judgment for IFA's unjust enrichment in an amount equal to the benefits unjustly retained by IFA, plus interest on these amounts.


Respectfully submitted,

By:   SMP2861
      Scott M. Pollins  (Pa. Atty. Id. No. 76334)
      Tashell J. Jenkins (Pa. Atty. Id. No. 323580)
      **Pollins Law**
      303 W. Lancaster Avenue, Ste. 1C
      Wayne, PA 19087
      (610) 896-9909 (phone)
      (610) 896-9910 (fax)

      scott@pollinslaw.com (email)
      tashell@pollinslaw.com (email)

Date:     5/22/2019      Attorneys for Plaintiff,
                         Christopher Martinez